# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUOLIANG MA, ELIZABETH PEGUERO, SHARON MANIER, and KIN FAI LAU, on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>HARMLESS HARVEST, INC.,<br><br>　　　　　　　　　Defendant. | Case. No. 16-CV-7102 |

## DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

I, C.K. Lee, declare as follows:

　　　1.　　I am a partner in the firm of the Lee Litigation Group, PLLC ("LLG") in New York, New York, and Plaintiffs' counsel herein[1].

　　　2.　　I am the lawyer primarily responsible for prosecuting Plaintiffs' claims on behalf of the proposed class. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Settlement Approval.

　　　3.　　I make these statements based on personal knowledge and would so testify if called as a witness before the Court.

---

[1] Capitalized terms shall have the meaning ascribed to them in the parties' Settlement Agreement and General Release, attached hereto as Exhibit A.

**My Background and Experience**

4. I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars. I have served as lead counsel in numerous class actions.

5. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

6. Since April 2009, I have been engaged in prosecuting class action cases.

**Introduction**

7. LLG are the attorneys representing Guoliang Ma, Elizabeth Peguero, Sharon Manier, and Kin Fai Lau in the Action. We have been responsible for the investigation and prosecution of the Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the investigation, mediation, and settlement negotiations.

**Pre-Litigation Discovery, Settlement Negotiations, and the Filing of the Complaint**

8. The attorneys representing Plaintiffs and the proposed Settlement Class performed extensive work identifying and investigating potential claims and drafting and filing

the Complaint. In November 2015, I personally flew to Bangkok, Thailand with a colleague to investigate mislabeling allegations against Harmless Harvest. We met with and interviewed coconut farmers and resellers who supply Harmless Harvest. We also visited on site the various coconut farms which supply to Harmless Harvest.

9. On November 17, 2015, LLG sent Harmless Harvest a demand letter (the "Demand Letter") on behalf of Plaintiff Guoliang Ma and other members of a putative class of California residents. Citing variously to "numerous provisions of California law including the Consumers Legal Remedies Act," "consumer protection laws of the fifty states and the District of Columbia" and "Section 403 of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 343," the Demand Letter asserted that Harmless Harvest falsely and misleadingly labeled and advertised its coconut water products as "100% Organic" and "USDA Organic" and that "at least a significant portion of [Harmless Harvest's] coconut water supply had neither been 100% organic nor USDA-certified organic." A subsequent letter also was sent to Harmless Harvest by LLG on January 29, 2016 (the "Second Demand Letter").

10. LLG also conveyed a draft Complaint (the "Draft Complaint") on behalf of Plaintiff Ma and a putative nationwide class, a putative New York class, and a putative California class, asserting false and misleading advertising and violation of various consumer protection and trade practice statutes in each of the fifty states and the District of Columbia (the "Asserted Claims").

11. The Parties entered into a Tolling Agreement on March 18, 2016, which they subsequently amended by a June 1, 2016 Addendum, a June 30, 2016 Second Addendum, a July

19, 2016 Third Addendum, an August 4, 2016 Fourth Addendum, and an August 31, 2016 Fifth Addendum for the purpose of exploring and consummating a settlement.  The Tolling Agreement is effective through the date on which a Complaint is filed in the Action.

12. The Parties scheduled a mediation session for June 7, 2016 in San Francisco with Cathy Yanni, Esq., a well–respected JAMS mediator with experience resolving class action suits involving beverage products.

13. Plaintiffs and Class Counsel have investigated the facts and law underlying the Asserted Claims through informal discovery.  Plaintiffs and Class Counsel requested, and Harmless Harvest produced, data and documents regarding the Asserted Claims.  Class Counsel have also engaged in numerous discussions with Harmless Harvest regarding the Asserted Claims.  In preparation for the mediation, the Parties exchanged documents and information relating to the Asserted Claims, and they presented detailed mediation statements to Ms. Yanni.

14. The June 7, 2016 mediation before Ms. Yanni was professional but highly contentious, lasting over 8 hours.  Although the parties were unable to reach a settlement during mediation, they continued their settlement discussions in the months that followed the mediation, including telephonic negotiations involving Ms. Yanni.

**Settlement Agreement and Recognition of the Difficulties Associated With Litigation**

16. As a result of the Parties' efforts following mediation, after protracted, arm's length negotiations over seven months, and with Ms. Yanni's assistance, the Parties entered into a Settlement Agreement and General Release (the "Settlement Agreement"), subject to preliminary approval and final approval by the Court, as required by Rule 23 of the Federal

Rules of Civil Procedure, in order fully, finally and forever, to resolve, discharge and release the released claims in exchange for Harmless Harvest's agreement to the injunctive relief described in the Settlement Agreement, plus settlement fees and costs as set forth in the Settlement Agreement.

17. In order to obtain Court approval of the class settlement, on December 23, 2016, a putative nationwide class action complaint entitled *Ma, et al. v. Harmless Harvest, Inc*. was filed in the United States District Court for the Eastern District of New York (the "Action"). In the Action, Plaintiffs assert that certain labeling and marketing claims regarding Harmless Harvest's Products are false and misleading. Harmless Harvest vigorously denies all allegations of wrongdoing and liability.

18. Based on extensive investigation and discovery, Plaintiffs believe they could obtain class certification, defeat any dispositive motions Harmless Harvest may file, and proceed to trial on the merits. Plaintiffs and Class Counsel recognize, however, the costs and risks involved, including the expense and length of continued proceedings necessary to prosecute the claims through trial and any appeals and the uncertainty of the ultimate outcome of the case. Further litigation would be costly, complex and time consuming. Such litigation could include contested class certification (and possibly decertification) proceedings and appeals, including competing expert testimony and contested *Daubert* motions; costly nationwide discovery, including dozens of depositions, interrogatories, and more voluminous document production; costly merits and class expert reports and discovery; and trial. Each step towards trial would likely be subject to Defendant's vigorous opposition and appeal. Even if the case were to

proceed to judgment on the merits, any final judgment would likely be appealed, which would take significant time and resources. These litigation efforts would be costly to all Parties and would require significant judicial oversight. Class Counsel took into account these factors, as well as the difficulties and delays inherent in complex class action litigation, when negotiating and evaluating the Settlement and entering into the Settlement Agreement.

19. Additionally, in the process of investigating and litigating the Actions, Class Counsel conducted significant research on the consumer protection statutes at issue, as well as the overall legal landscape, to determine the likelihood of success and reasonable parameters under which courts have approved settlements in comparable cases.

20. In light of all of the foregoing, Class Counsel believes the Settlement confers substantial benefits upon the Settlement Class Members. Class Counsel has evaluated the Settlement and determined it is fair, reasonable and adequate to resolve Plaintiffs' grievances and is in the best interest of the Settlement Class.

21. Harmless Harvest has denied and continues vigorously to deny that its marketing, advertising, and/or labeling of the Harmless Harvest coconut water Products is false, deceptive, or misleading to consumers or violates any legal requirement. Furthermore, Defendant has stated that but for the Settlement, it would defend itself, including by vigorously opposing class certification.

**Class Counsel and Plaintiffs Have Invested Significant Time in the Investigation and Prosecution of the Action and Are Adequate Representatives of the Class**

22. Throughout the course of investigation, mediation, settlement negotiation, pleadings, and the filing of the Settlement Agreement with the Court, Class Counsel has devoted

significant time and resources to the investigation, development, and resolution of the Action.

23. Each Plaintiff performed an important and valuable service for the benefit of the Settlement Class. Each met, conferred and corresponded with Class Counsel as needed for the efficient process of the litigation.

24. Each Plaintiff was interviewed by Class Counsel, provided personal information concerning the litigation, and remained involved in the mediation and litigation processes.

25. Class Counsel has substantial experience with class action litigation and has substantial experience negotiating class settlements. Courts in this District have repeatedly found LLG to be adequate class counsel. See *Yuzary, et al v. HSBC BANK USA, N.A.*, No. 12 Civ. 3693 (PGG) (S.D.N.Y. Oct. 2, 2013); *Long, et al. v. HSBC USA, Inc., et al.*, No 14 Civ. 6233 (HBP) (S.D.N.Y. Sept. 13, 2016); *Han, et al. v. Sterling National Mortgage Company, Inc., et al.*, No. 09 Civ. 5589 (E.D.N.Y. Aug. 9, 2012); *Sierra v. Triple J. Associates of Queens, Inc.*, No 12 Civ. 4462 (E.D.N.Y. Nov. 5, 2013)

26. Neither Class Counsel nor Plaintiffs have interests at odds with those of the Settlement Class Members.

27. The proposed Consultant to be engaged by the Parties pursuant to the Settlement to evaluate for accuracy the labels of Harmless Harvest's coconut water products for two (2) years following the Effective Date, Sandy Mays of Wolf DiMatteo & Associates, is a third party consultant, completely independent of both Plaintiffs and Defendant. Ms. Mays is a neutral expert with over twenty (20) years of experience in organic production and marketing. She works with businesses across the country to oversee the organic certification of products, source

organic ingredients and develop organic system plans.

28. A true and correct copy of the parties' Settlement Agreement and General Release is attached as **Exhibit A**.

29. A true and correct copy of the Settlement Administrator's proposed notice plan is attached as **Exhibit B**.

30. A true and correct copy of the Parties' proposed Publication Notice is attached as **Exhibit C**.

31. A true and correct copy of the Parties' proposed Settlement Notice to be published on the settlement administration website is attached as **Exhibit D**.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: December 27, 2016
New York, New York

By: /s/ C.K. Lee
C.K. Lee (CL 4086)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016
Telephone: 212-465-1188