# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and among Plaintiffs Guoliang Ma, Elizabeth Peguero, Sharon Manier, and Kin Fai Lau ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), on the one hand, and Defendant Harmless Harvest, Inc. ("Harmless Harvest") (collectively, the "Parties), on the other hand, pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to court approval in the action styled as Guoliang Ma, et al. v. Harmless Harvest, Inc. (hereinafter, the "Action").  This Agreement is intended fully, finally and forever to compromise and settle any and all claims that were or could have been asserted in the Action.

1.    **Recitals.**

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

**1.1**    On November 17, 2015, Lee Litigation Group sent Harmless Harvest a demand letter (the "Demand Letter") on behalf of Plaintiff Guoliang Ma and other members of a putative class of California residents.  Citing variously to "numerous provisions of California law including the Consumers Legal Remedies Act," "consumer protection laws of the fifty states and the District of Columbia," and "Section 403 of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 343," the Demand Letter asserted that Harmless Harvest falsely and misleadingly labeled and advertised its coconut water products as "100% Organic" and "USDA Organic" and that "at least a significant portion of your coconut supply had neither been 100% organic nor USDA-certified organic."  A subsequent letter also was

sent to Harmless Harvest by the Lee Litigation Group on January 29, 2016 (the "Second Demand Letter").

    **1.2**    The Lee Litigation Group also conveyed a draft Complaint (the "Draft Complaint") on behalf of Plaintiffs and a putative nationwide class, a putative New York class, and a putative California class, asserting false and misleading advertising and violation of various consumer protection and trade practice statutes in each of the fifty states and the District of Columbia (the "Asserted Claims"). The accused products included the following ten Harmless Harvest products:

- Harmless Harvest® 100% Raw Coconut Water, 8 fl. oz. and 16 fl. oz.;

- Harmless Coconut® Water, 8 fl. oz. and 16 fl. oz.;

- Harmless Harvest® 100% Raw Coconut Water – Dark Cacao, 8 fl. oz. and 16 fl. oz.;

- Harmless Harvest® 100% Raw Coconut Water – Cinnamon & Clove, 8 fl. oz. and 16 fl. oz.;

- Harmless Harvest® 100% Raw Coconut Water – Fair Trade Coffee, 8 fl. oz. and 16 fl. oz.

The products currently are distributed to almost all major cities in the United States and are sold at supermarkets, convenience stores, delis, cafés, restaurants, gyms and yoga centers.

    **1.3**    The Parties entered into a Tolling Agreement on March 18, 2016, which they subsequently amended  by a June 1, 2016 Addendum, a June 30, 2016 Second Addendum, a July 19, 2016 Third Addendum, an August 4, 2016 Fourth Addendum, and an August 31, 2016 Fifth Addendum for the purpose of exploring and consummating a settlement.  The Tolling Agreement is effective through the date on which a Complaint is filed in the Action, as defined in Section 2 below.

The Parties scheduled a mediation session for June 7, 2016 with Cathy Yanni, Esq., a well-respected JAMS mediator with experience resolving class action suits involving beverage products.

    **1.4**    Plaintiffs and Class Counsel have investigated the facts and law underlying the Asserted Claims through informal discovery.  Plaintiffs and Class Counsel requested, and Harmless Harvest produced, data and documents regarding the Asserted Claims.  Class Counsel also have engaged in numerous discussions with Harmless Harvest regarding the Asserted Claims.

    **1.5**    In preparation for the mediation, the Parties exchanged documents and information relating to the asserted claims, and they presented detailed mediation statements to their JAMS mediator, Ms. Yanni.

    **1.6**    The June 7, 2016 mediation before Ms. Yanni at JAMS was professional but highly contentious, lasting over 8 hours.  Although the Parties were unable to reach a settlement during mediation, they continued their settlement discussions in the months that followed the mediation, including telephonic negotiations with Ms. Yanni. As a result of these efforts, after protracted, arm's-length negotiations over seven months, and with Ms. Yanni's assistance, the Parties enter into this Agreement, subject to preliminary approval and final approval by the Court (as defined below) as required by Rule 23 of the Federal Rules of Civil Procedure, in order fully, finally, and forever to resolve, discharge, and release the Released Claims (as defined in Section 8.1 below) in exchange for Harmless Harvest's Agreement to the Injunctive Relief described below plus Settlement Costs as set forth below.

**1.7**    In order to obtain Court approval of the class settlement, on December 23, 2016, a putative nationwide class action complaint entitled *Guoliang Ma, et al. v. Harmless Harvest, Inc.* was filed in the United States District Court for the Eastern District of New York (the "Action," as defined below).  In the Action, Plaintiffs asserts that certain labeling and marketing claims regarding Harmless Harvest's Products are false and misleading.

**1.8**    Harmless Harvest vigorously denies all of the Asserted Claims and denies all allegations of wrongdoing and liability.  Harmless Harvest desires to resolve the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of legal proceedings.

**1.9**    This Agreement resulted from and is the product of extensive, good faith, and arm's length negotiations.  The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  It is the Parties' desire and intention to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.10**   This Agreement, its terms, documents related to it, and the negotiations or proceedings connected with it, shall not be offered or received into evidence in the Action, or in any other action or proceeding, for any purpose.

**NOW, THEREFORE,** in light of the foregoing, and for good and valuable consideration (including the general releases set forth below), the receipt of which is hereby mutually acknowledged, Plaintiffs, on their own behalves and on behalf

of the Settlement Class, and Harmless Harvest agree to the Settlement, subject to the approval by the Court, as follows:

**2.      Definitions.**

In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

**2.1**      "Action" means the action captioned as Guoliang Ma, et al. v. Harmless Harvest, Inc. in the United States District Court for the Eastern District of New York.

**2.2**      "Agreement" means this Settlement Agreement.

**2.3**      "Asserted Claims" means all claims asserted in the Demand Letter, the Second Demand Letter or the Draft Complaint.

**2.4**      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.5**      "Class Counsel" means Lee Litigation Group, PLLC.

**2.6**      "Class Notice" means any type of notice that may be utilized to notify persons in the Settlement Class, including one or more of the following methods: Mail Notice, Publication Notice, Website Notice, and any different or additional notice that might be ordered by the Court.  A description of the contemplated Class Notice is provided in Section 7 of this Agreement.

**2.7**      "Complaint" means the Class Action Complaint filed on December 23, 2016 in the Action.

**2.8**      "Court" means the United States District Court for the Eastern District of New York.

(a)    Entry by the Court of the Preliminary Approval Order;

(b)    Approval by the Court of the Settlement, following Class Notice and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c)    Entry by the Court of the Final Approval Order and such Order becoming Final.

**2.09**   "Final Approval Hearing" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting Final Approval of the Settlement and to determine the amount of fees, costs, and expenses awarded to Class Counsel.   The Final Approval Hearing shall be scheduled no earlier than 30 days after the Opt-Out and Objection Deadline.

**2.10**   "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as Exhibit A.   "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

**2.11**   "Final," with respect to any order related to this Agreement, means: (a) if no appeal is filed, 10 calendar days after the last date on which any appeal from the order can be timely filed or noticed under the corresponding rules of the applicable court or legislation for filing or noticing appeals; or (b) if there are any timely related appeals from the order after the entry of the order, the first business day after the later of the date on which (i) any appeal from the order is finally dismissed, (ii) if the order is affirmed, a petition for writ of *certiorari* or other form of review is denied or the time for filing such a petition expires, or (iii) if *certiorari* or other form of review is granted, final affirmance of the order following review

6

pursuant to that grant is ordered.  Any proceeding or order, or any appeal or petition for a writ of *certiorari* or other form of review pertaining solely to any application for attorneys' fees, costs, or expenses shall not in any way delay or preclude the Final Approval Order from becoming Final.

**2.12**   "Harmless Harvest's Counsel" means Hogan Lovells US LLP.

**2.13**   "Notice Administrator" means Epiq Class Action & Claims Solutions, Inc. ("Epiq Systems"), 10300 SW Allen Boulevard, Beaverton, OR 97005, subject to approval by the Court.  The Notice Administrator shall be responsible for providing the Class Notice as well as services related to the administration of the Settlement.

**2.14**   "Notice Deadline" shall mean 45 days following entry of the Preliminary Approval Order.

**2.15**   "Notice Program" means the forms of Class Notice outlined in Section 7.

**2.16**   "Opt-Out" means exclusion from Settlement as defined in Section 11.

**2.17**   "Opt-Out and Objection Deadline" shall mean 60 days after the Notice Deadline.

**2.18**   "Parties" means Plaintiffs and Harmless Harvest.

**2.19**   "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit B.  "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

**2.20**   "Products" means all Harmless Harvest coconut water products.

**2.21**   "Publication Notice" means the summary notice of the Settlement that will be published pursuant to Section 7.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit C.

**2.22**   "Released Claims" means all claims to be released as set forth in Section 8.1 of this Agreement.  The "Releases" means all the releases contained in Section 8 of this Agreement.

**2.23**   "Releasing Parties" means the Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, associates, beneficiaries, principals, trustees, agents, attorneys, partners, successors, predecessors-in-interest, assigns, insurers and reinsurers, each in their capacity as such, and any other person or entity claiming through any of them, as set forth in Section 8.1 of this Agreement.

**2.24**   "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

**2.25**   "Settlement Class" means:  All persons in the United States who made retail purchases of the Products for personal use only during the period from September 30, 2011 to and including the date on which the Court enters the Preliminary Approval Order.  Excluded from the Settlement Class are (a) the officers, directors and employees of Harmless Harvest, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of Harmless Harvest or any business entity in which Harmless Harvest owns a controlling interest, together with those individuals' immediate family

8

members; (c) Harmless Harvest's Counsel and their immediate family members; (d) Governmental entities; (e) Class Counsel; and (f) the Court, the Court's immediate family, and the Court staff.

      **2.26** "Settlement Class Member" means any person in the Settlement Class who is not validly excluded from the Settlement Class.

      **2.27** "Settlement Costs" means: (a) any award of attorneys' fees, expenses, and costs to Class Counsel approved by the Court; (b) all costs of printing and providing Class Notice to persons in the Settlement Class (including, but not limited to, costs for Mail Notice, Publication Notice, Website Notice, and any different or additional notice that might be ordered by the Court); (c) all costs of administering the Settlement; and (e) the fees, expenses, and all other costs of the Notice Administrator.

      **2.28** "Website Notice" means the website notice provided pursuant to Section 7.2 of this Agreement, substantially in the form attached hereto as Exhibit D. The Website Notice will be posted on the Settlement Website.

**3**      **Conditional Certification of the Settlement Class.**

      **3.1** Solely for purposes of providing Class Notice and implementing the terms of this Agreement, the Parties agree to certification of the Settlement Class. The certification shall be binding only with respect to settlement of the Action. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in this Agreement is not finally approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court: (a) the certification of the Settlement Class shall be deemed vacated and void, and the Parties and the Action will return to the status

quo as it existed prior to this Agreement as if the Settlement Class never had been certified, and no doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, or otherwise asserted at any other stage of the Action or in any other proceeding; (b) the Agreement, and any documents, communications, or negotiations related in any way thereto, shall not be admissible in this Action or any other proceeding for any purpose, and (c) the Parties have reserved all rights regarding class certification, including but not limited to Plaintiffs' right to seek certification and Defendant's right to oppose any motion for class certification on any and all factual and legal grounds in this or any other action.

3.2    No agreements, documents, or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Harmless Harvest, or any other person to establish liability, any defense, and/or any of the elements of class certification, whether in the Action or in any other proceeding.

## 4    Preliminary Approval.

4.1    <u>Confirmatory Discovery.</u>    Plaintiffs have conducted confirmatory discovery and firmly believes that the settlement described herein is fair and reasonable.

4.2    <u>Preliminary Approval Motion</u>.   As soon as practical, Plaintiffs will move the Court for entry of the Preliminary Approval Order, attached hereto as Exhibit B.  The Preliminary Approval Order shall provide, inter alia, that:

4.2.1  The settlement proposed in the Agreement has been negotiated at arm's-length and is preliminarily determined to be fair,

reasonable, adequate, and in the best interests of the Settlement Class for settlement purposes;

4.2.2 The Notice fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of this Agreement;

4.2.3 The Settlement Class is conditionally certified, with the Plaintiffs serving as class representatives, and the Class Counsel serving as Settlement Class counsel, on the condition that the certification and designations shall be automatically vacated if the Settlement is terminated or is disapproved in whole or in part by the Court, any appellate court, or any of the Parties;

4.2.4 A final hearing on the settlement proposed in this Agreement shall be held before the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be approved by the Court ("Fairness Hearing");

4.2.5 In further aid of the Court's jurisdiction to review, consider, implement and enforce the settlement, Plaintiffs and members of the Settlement Class, and all persons acting or purporting to act directly or derivatively on behalf if a person in the Settlement Class, are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or

11

in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date this settlement is preliminarily approved by the Court), that arises out of or relates in any way to the Released Claims.

**5      Settlement Consideration – Stipulated Injunction.**

For and in consideration of the releases granted below, and for other good and valuable consideration, Harmless Harvest agrees to a Stipulated Injunction, subject to Court approval of the Agreement.  The terms of the Stipulated Injunction shall be that:

**5.1**      Without admitting liability and solely to avoid the cost and disruption of further litigation, Harmless Harvest represents that it has removed all "raw" and "100% Organic" labels from the packaging of products shipped into the United States and agrees that such labeling changes will remain in effect after the Effective Date.  The labeling changes set forth in this paragraph are not an admission by Harmless Harvest regarding Plaintiffs' claims.  Harmless Harvest shall not be required to change the labeling of any inventory that already was shipped into the United States before the change.  Harmless Harvest shall be permitted to sell through its current stock regardless of its labeling. Apart from the foregoing requirement to remove all "raw" and "100% Organic" labels from products shipped into the United States on or after the Effective Date, it is

12

understood, acknowledged and agreed by the Parties that Harmless Harvest may continue to use all existing labeling statements, including without limitation the statement "USDA ORGANIC."  Neither Harmless Harvest nor any of the retailers of the Products shall be required to recall, remove from shelves, or pull from distribution or inventory any Products that already are in the country, including those that were shipped by Harmless Harvest prior to the change or that do not comply with the terms of this paragraph.

**5.2**    With respect to any Harmless Harvest coconut water product label that complies with paragraph 5.1 and for as long as a Harmless Harvest coconut water product continues to be sold with labels that comply with the terms of paragraph 5.1, any Releasing Party who purchases such product(s) hereby releases and agrees not to assert any claim or cause of action against any Released Party based on any claim that arises out of or relates in any way to the subject matter of paragraph 5.1.

**5.3**    If Harmless Harvest coconut water products are sold with labels that are subject to but do not conform to the terms of paragraph 5.1 ("Non-Conforming Labels"), the following remedies shall apply:

i.    If Harmless Harvest sells coconut water products (other than inventory that are already in the country) with Non-Conforming Labels, it shall, within 60 days of receiving notice of such non-compliance, correct the label and begin shipping Harmless Harvest coconut water products with compliant labels within the same 60-day period (the "Corrective Action"). The releases in paragraph 5.2 shall not apply to any purchases of Harmless Harvest coconut water products that utilize a Non-Conforming Label after the 60-day Corrective Action period.

13

ii.     The sale of any Harmless Harvest coconut water products with labels that are subject to but do not conform to the terms of paragraph 5.1 shall not affect in any way whatsoever the scope or enforceability of any releases in this Agreement except as expressly and specifically set forth herein.

**5.4**     The Parties agree that Sandy Mays of Wolf DiMatteo & Associates, P.O. Box 458, New Castle, Virginia, 24127, assisted by Katherine DiMatteo of Wolf DiMatteo & Associates, an independent third party (the "Consultant"), shall be engaged as a consultant and provided (for a period of 2 years from the Effective Date) with a label for each <u>current</u> flavor of coconut water and each <u>new</u> flavor of coconut water that is introduced to market. The Consultant shall review these labels for ongoing accuracy and provide reports as to the accuracy of the labels (and including copies of such labels) to Class Counsel.  The cost of the consulting fees for the Consultant will be borne by Harmless Harvest.

**5.5**     The Consultant shall review, for a period of 2 years from the Effective Date, organic certifications for the Products issued on or after the Effective Date, which shall be maintained in a secure, password-protected database that is owned, maintained, and controlled by Harmless Harvest.  The Consultant's access to the database shall be governed by a confidentiality and non-disclosure agreement limiting access to enumerated individuals and prohibiting unauthorized use or retention of the certifications.   The following certifications shall be made available to the Consultant through the database:

1.     Harmless Harvest's own annually-renewed certificates of organic operation; and

14

2.      The annually renewed certificates of organic operation issued to Harmless Harvest's farming operators.

The Consultant shall review the certifications on a periodic basis and report to Class Counsel whether the certifications appear to be in order.  Class Counsel also shall have access to the foregoing database for purposes of reviewing the certifications of organic operation contained therein on a read-only basis, and subject to signing the same confidentiality and non-disclosure agreement as the Consultant.

**5.6**  Duration.  The restrictions of the Stipulated Injunction shall continue for a period of two years from the Effective Date.

**6      Administration.**

**6.1**    The Notice Administrator shall administer the Settlement for a fee not to exceed $350,000, which shall be the responsibility of Harmless Harvest.  The Notice Administrator shall be responsible for administrative tasks, including, without limitation:  (a) arranging for distribution of the Class Notice to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) establishing the Settlement Website; (f) establishing the toll-free telephone number; and (g) otherwise assisting with implementation and administration of the Agreement terms.

**6.2**    Harmless Harvest shall reasonably cooperate in the notice and administration process by providing the Notice Administrator, on a confidential basis and pursuant to an appropriate non-disclosure agreement, with access to information on sales and distribution of the Products reflected in Harmless Harvest's reasonably available computerized records to the extent required to administer the Settlement.

**7**    **Notice Program.**

Harmless Harvest and/or the Notice Administrator, as specified below, shall provide Class Notice in the forms approved by the Court, as detailed below, by the Notice Deadline:

**7.1**    <u>Publication Notice</u>.    The Notice Administrator will design and conduct a nationwide publication notice program that the Parties believe will fully satisfy the requirements of due process.    The nationwide publication notice program is subject to approval by the Parties and will be submitted to the Court in connection with Preliminary Approval.    The Publication Notice shall include information about the Settlement Website and a toll-free number for obtaining details regarding the Settlement.

**7.2**    <u>Website Notice</u>.    The Notice Administrator shall establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted a copy of this Agreement, the Preliminary Approval Order, and any other materials the Parties agree to include.    The documents shall be available on the Settlement Website beginning 5 days following the entry of the Preliminary Approval Order and shall remain until the Effective Date.    The Notice Administrator shall secure a URL for the Settlement Website proposed by Class

Counsel and approved by Harmless Harvest.  The Settlement Website shall not bear or include Harmless Harvest's or any of its affiliates or subsidiaries' logos or trademarks.  Ownership of the Settlement Website URL shall be transferred to Harmless Harvest within 10 days after operation of the Settlement Website ceases.

      **7.3**   <u>Toll-Free Telephone Number</u>.  By the Notice Deadline, the Notice Administrator shall designate a toll-free number for receiving toll-free calls related to the Settlement.  That telephone number shall be maintained until 30 days after the Court grants Final Approval.  After that time, either a person or a recording will advise the caller that details regarding the Settlement may be reviewed on the related Settlement Website.

      **7.4**   <u>CAFA Notice</u>.  Harmless Harvest shall be responsible for timely compliance with all CAFA Notice requirements.

**8**     **Release of Claims.**

      **8.1**   As of the Effective Date, Plaintiffs and the Settlement Class Members provide the following release:

      Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, associates, beneficiaries, principals, trustees, agents, attorneys, partners, successors, predecessors-in-interest, assigns, insurers and reinsurers in their capacity as such, and any other person or entity claiming through any of them (together, the "Releasing Parties"), fully releases and forever discharges Harmless Harvest and each and all of its present, former, and future direct and

17

indirect parent companies, affiliates, subsidiaries, agents, related organizations, divisions, departments, controlled entities, unincorporated business units, holding companies, successors, vendors, independent contractors, predecessors-in-interest, and all of the present, former and future respective officers, directors, employees, partners, servants, subrogees, insurers, consultants, principals, advisors, attorneys, shareholders, agents, representatives, and assigns of the aforementioned , each in their capacities as such, (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, demands, causes of action, suits, damages (including consequential damages, losses or costs, and punitive damages), attorneys' fees and costs, or liabilities, whether arising under local, state, or federal law, whether by Constitution, statute, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion, rule, regulation or declaratory ruling by the U.S. Food and Drug Administration ("FDA") or the U.S. Department of Agriculture ("USDA") or otherwise), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, accrued or which may hereafter accrue, actual or contingent, liquidated or unliquidated, punitive or compensatory, whether the claims are brought directly by or on behalf of any Settlement Class Member in an individual or class action, representative, or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution,

disgorgement, penalties, and injunctive or declaratory relief, as of the date of entry of the Final Approval Order:

(a) that were asserted or could have been asserted in the Action;

(b) that arise out of or relate in any way to the administration of the Settlement;

(c) that arise out of or relate in any way to any raw materials used in the manufacture of the Products, including without limitation any issue as to whether coconut water used in the products qualifies as organic and any issue involving the sourcing of coconuts used for the products;

(d) that arise out of or relate in any way to the conversion of coconut farmlands to organic cultivation, including without limitation whether procedures used and certifications obtained for conversion of coconut farmlands to organic cultivation properly qualified them for organic cultivation;

(e) that arise out of or relate in any way to all labeling, packaging, advertising, and/or promotional claims made with respect to the company's products as being "100% ORGANIC," "ORGANIC," "USDA ORGANIC," "CERTIFIED," "100% RAW," "100% RAW & ORGANIC," and/or "100% Fair for Life and 100% Organic";

(f) that arise out of or relate in any way to organic certifications with respect to the Products, including without limitation all

claims with respect to the actions or alleged failure to act of any organic certifying agent;

(g) that arise out of or relate in any way to the adequacy of any documentation relating to organic or raw for the Products;

(h) that arise out of or relate in any way to deceptive and/or misleading advertising practices related to the organic nature or certifications of the Products;

(i) that arise out of or relate in any way to the organic or raw manufacturing process or processes for the Products;

(j) that arise out of or relate in any way to compliance with applicable statutory and/or regulatory requirements for organic products, including without limitation any claim asserted or which could be asserted with the USDA or any certifying agent or administrative or regulatory body or agency for any conduct occurring prior to the Effective Date;

(k) that arise out of or relate in any way to the company's "Organic Agriculture and Social Accountability and Fair Trade Standard Project"; and

(l) that were asserted in writing by Lee Litigation Group in the Demand Letter, the Second Demand Letter or the Draft Complaint.

These claims are referred to collectively as the "Released Claims."

**8.2**    Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in

their favor at the time that the Settlement, and the Release contained therein as set forth in Section 8.1 above, become effective.  This Section constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs, the Settlement Class Members and Class Counsel understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule, or regulation relating to limitations on releases.   In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**9      Withdrawal from Settlement.**

**9.1**     If any of the conditions set forth below occurs and either (a) Plaintiffs or (b) Harmless Harvest give notice that such Party or Parties wish to withdraw from this Agreement (subject to the terms below and herein), then this Agreement shall terminate and be null and void, and the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into:

**9.1.1**  Any objections to the proposed settlement are sustained, which results in changes to the Settlement described in this Agreement that the withdrawing Party deems in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement);

**9.1.2**  The Final Approval of the Settlement described in this Agreement results in changes that the withdrawing Party deems in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement);

**9.1.3**  More than 2500 of the Settlement Class Members exclude themselves from the Settlement described in this Agreement, as set out in Section 11;

**9.1.4**  The Final Approval of the Settlement described in this Agreement is (i) substantially modified by an appellate court and the withdrawing Party deems any such modification in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement) or (ii) reversed by an appellate court.

**10**     **Attorneys' Fees and Costs.**

**10.1**     Plaintiffs shall move the Court for an award of Five Hundred Seventy-Five Thousand and no one-hundredths dollars ($575,000.00) in attorneys' fees, expenses, costs, and incentive awards, which amount, or such lesser amount as

may be awarded by the Court in its sole discretion (the "Fee Award"), shall be paid to Class Counsel by Harmless Harvest.  Plaintiffs agree that any incentive award shall not exceed $20,000 total.  Court approval of the Fee Award, or the amount thereof, is not a condition of the Settlement.  In addition, no interest will accrue on such amount at any time.  Defendant will not object to an aggregate Fee Award as set forth in this paragraph.  Any Fee Award is to be paid separate and apart from, and without diminishing or eroding, the payment of administration costs, not to exceed $350,000, as provided in Section 6.1.

**10.2**   The Fee Award shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Section 10.3 of this Agreement (the "Escrow Account").  The Fee Award shall be paid into the Escrow Account by Harmless Harvest in the following installments: (1) $100,000.00 to be paid on the later of December 15, 2016 or ten (10) business days after the Court issues an order preliminarily approving the Settlement (the "Initial Payment Date"); (2) $100,000.00 to be paid thirty (30) calendar days after the Initial Payment Date; (3) $100,000.00 to be paid sixty (60) calendar days after the Initial Payment Date; (4) $100,000.00 to be paid ninety (90) calendar days after the Initial Payment Date; (5) $100,000.00 to be paid one hundred and twenty (120) calendar days after the Initial Payment Date; and (6) $75,000.00 to be paid on the date that is no later than five (5) business days after any order allowing payment of the Fee Award to Class Counsel is issued.  The Fee Award held in the Escrow Account shall be disbursed to Class Counsel on the date that any order allowing payment of the Fee Award becomes final.

**10.3**   The Escrow Account shall be administered as follows:

23

**10.3.1**  The Escrow Account will be established at Epiq Systems, with Epiq Systems serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Class Counsel and Harmless Harvest, such escrow to be administered under the Court's continuing supervision and control.

**10.3.2**  The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in a noninterest-bearing deposit account insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits and shall retain the Fee Award payments during the administration of this Settlement until they are disbursed to Class Counsel as set forth at Section 10.2 or returned to Harmless Harvest as set forth at Section 10.3.8.  The Fee Award funds shall at all times remain available for distribution.

**10.3.3**  All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

**10.3.4**  If this Agreement does not receive final Court approval, if the Action is not certified as a class action for settlement purposes, or if this Agreement is terminated in accordance with Section 9.1 and/or Section 11.2 hereof, then all amounts paid by Harmless Harvest into the Escrow Account shall within thirty (30) calendar days be returned to Harmless Harvest from the Escrow Account by the Escrow Agent, except insofar as Harmless Harvest shall be obligated to pay the costs of Notice administration incurred to date, as invoiced by the Notice Administrator.  It shall be the obligation of Harmless Harvest to inform the Notice Administrator of the termination of the Settlement Agreement.  In the event that

24

the Court awards a Fee Award to Class Counsel in an amount less than the full value of the payments set forth at Section 10.2, then any amounts paid into the Escrow Account by Harmless Harvest that are not disbursed to Class Counsel as part of the Fee Award shall be returned to Harmless Harvest from the Escrow Account by the Escrow Agent within thirty (30) calendar days after the order awarding the Fee Award becomes final.

**10.4** The total aggregate amount to be paid under this Agreement by Harmless Harvest shall not exceed $945,000 under any circumstances.

**11 Opt-Outs & Objections.**

**11.1** <u>Opt-Out Requirements</u>. Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Notice Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name, telephone number, and address of the person in the Settlement Class requesting exclusion; and (c) a clear and unambiguous statement that such person wishes to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Ma* action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class. Exclusion requests must be mailed to the Notice Administrator at the address provided in the Notice and postmarked no later than sixty (60) days after the Notice is first published. A request for exclusion that does not include all

of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the person(s) serving such a request shall be deemed member(s) of the Settlement Class, and shall be bound as class member(s) by the Settlement. Retention of Exclusions. The Notice Administrator shall retain a copy of all requests for exclusion and shall provide copies of any such requests to counsel for all Parties on a weekly basis. Class Counsel shall keep any such Opt-Out information confidential and use it only for purposes of determining whether a person in the Settlement Class properly has opted out. The names of those persons who have properly excluded themselves from the Settlement will be provided to the Court in connection with Plaintiffs' Unopposed Motion for Final Approval.

11.2  Cap On Opt-Outs. All Settlement Class Members will be bound by all determinations and judgments in the Action. In the event that the number of persons in the Settlement Class who validly and timely submit Opt-Out requests exceeds 2500, Harmless Harvest, in its sole discretion, may terminate the Settlement.

11.3  Right To Object. Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for the Fee Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness,

26

reasonableness, or adequacy of the Settlement or the Fee Award.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

**11.4**   <u>Objection Requirements</u>.  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  Subject to Court approval, to be effective, a notice of intent to object to the proposed settlement must:

**11.4.1**  Provide the name, address, telephone number, and signature of the class member filing the objection;

**11.4.2**  Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member;

**11.4.3**  Be filed with the Court no later than 60 days after the Notice is first published;

**11.4.4**  Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney. If the class member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of New York;

**11.4.5**  Include a statement of such Settlement Class Member's specific objections; and

**11.4.6**  State the grounds for objection, as well as identify any documents which such objector desires the Court to consider.

**11.5**   Plaintiffs, Harmless Harvest, or both may take discovery regarding the basis for any objection or the facts relating to such objection, subject to Court

approval. Any Settlement Class members who object to the Settlement shall make themselves available to be deposed by Class Counsel and Counsel for Harmless Harvest in the county of the objector's residence within ten (10) days of service of his or her timely filed objection.

## 12    Final Approval.

Following completion of the Class Notice process and within 30 days following expiration of the Opt-Out and Objection Period, Plaintiffs shall request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; (c) approve the Stipulated Injunction; (d) finally certify the Settlement Class; (e) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; (f) dismiss the Action and all Released Claims with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties for the purpose of enforcement of the Stipulated Injunction and the terms of this Agreement; and (g) Plaintiffs and members of the Settlement Class are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint,

28

counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, the Released Claims.

**13    Dismissal.**

Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

**14    No Admissions.**

This Agreement is for settlement purposes only.   Harmless Harvest expressly disclaims and vigorously denies any wrongdoing or liability whatsoever. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (b) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; or (c) is or may be deemed a waiver of Harmless Harvest's right to challenge class certification if this Settlement for any reason does not become final.  Harmless Harvest expressly disclaims any admission that class certification would be appropriate in this Action except for settlement purposes.

29

**15**     **No Publicity Beyond Notice Procedures.**

**15.1**     <u>Publicity</u>.     Class Counsel and/or Plaintiffs shall not issue press releases or initiate any public statements regarding the Settlement, with the exception of neutrally-worded language consistent with that contained in the Class Notice, which Class Counsel may use on their websites.   Class Counsel and/or Plaintiffs will not make statements of any kind to any third-party regarding the Settlement prior to the filing of a motion for Preliminary Approval with the Court, with the exception of the Notice Administrator.   The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement, and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.   In all communications, Class Counsel must comply with all confidentiality agreements in the Action and not disclose information that is not a part of the public record.

**15.2**     <u>Non-Disparagement and Non-Disclosure</u>.

**15.2.1** Plaintiffs and Class Counsel agree not to make any statements, written or oral, or to cause or encourage any other person to make any statements, written or oral, that defame, disparage, malign, or in any way criticize the personal or business reputation, practices, or conduct of Harmless Harvest or any of the Released Parties, and their respective counsel, concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel; provided, however, nothing herein shall preclude any Party or its agents, representatives, or counsel from any good faith response to any inquiries under oath or in response to a government inquiry or from making statements in the

30

course of legal proceedings, or from non-public privileged communications with Class Members with regard to the Settlement.

**15.2.2** Plaintiffs and Class Counsel shall not discuss the Agreement, its terms, or the facts and circumstances giving rise to the Released Claims with any of Harmless Harvest's competitors or with any organizations or individuals within Harmless Harvest's supply chain, including without limitation any Harmless Harvest customers, brokers, distributors or retail stores.

**15.2.3** It is understood and agreed that Harmless Harvest will suffer irreparable harm in the event of a failure to comply with the obligations of this Section 15.2 and that monetary damages alone may be inadequate to compensate for such breach. Accordingly, the Parties agree that, in addition to any other remedies available at law or in equity, Harmless Harvest shall be entitled to injunctive relief and/or a decree of specific performance to enforce this provision in the event of a breach, as well as compensation for any injury caused by conduct that necessitates enforcement of this provision. The Parties further agree that if Harmless Harvest commences any action in equity specifically to enforce its rights under this Agreement, injunctive or otherwise, there shall be no defense that an adequate remedy at law exists, and it shall be entitled to recover its reasonable fees of the Court determines that a breach or violation has occurred.

**16     Miscellaneous Provisions.**

**16.1** <u>Further Steps</u>.     The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims and is in the best interest of the Parties, and they have arrived at this Agreement as a result of

31

extensive arm's-length negotiations.  The Parties agree that each shall undertake any required steps to effectuate the purpose and intent of this Agreement.

**16.2**   <u>Settlement Conditioned Upon Approval</u>.   The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.

**16.3**   <u>Evidentiary Preclusion</u>.  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them.

**16.4**   <u>Destruction of Confidential Documents</u>.  It is agreed that the originals and all copies of all confidential documents and/or information subject to all confidentiality agreements shall be destroyed within 60 days after the Effective Date, unless the document has been offered into evidence or filed without restriction as to disclosure.  .

**16.5**   <u>Drafting</u>.  The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purposes of the invocation of the doctrine of *contra proferentum*.  This Agreement is a collaborative effort of the Parties and their attorneys.

**16.6**   <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.   No covenants, agreements, representations, or warranties of any kind whatsoever have been made

32

by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

    **16.7** <u>Modification or Amendment</u>.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.

    **16.8** <u>Waiver</u>.  The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

    **16.9** <u>Authority</u>.  The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each Party represents and warrants that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Harmless Harvest to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

**16.10** <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**16.11** <u>Successors</u>.  This Agreement is and shall be binding upon the officers, directors, successors, heirs, executors, beneficiaries, assigns, each past, present, direct or indirect parent, subsidiary, division, or affiliated entity and each past or present agent, representative, heir, executor, beneficiary or shareholder of the respective Parties.

**16.12** <u>Change of Time Periods</u>.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Harmless Harvest's Counsel and as approved by the Court, without notice to Settlement Class Members.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**16.13** <u>Severability</u>.  Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties

34

agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision, hereunder.  Provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release, as set forth in Section 10, to be illegal or invalid.

**16.14** No Precedential Value.  The Parties agree and acknowledge that this Agreement carries no precedential value.

**16.15** Headings.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**16.16** Exhibits.  The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**16.17** Governing Law.  All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

**16.18** Interpretation.

**16.18.1**     Definitions apply to the singular and plural forms of each term identified.

**16.18.2**     Definitions apply to the masculine, feminine, and neuter genders of each term defined.

**16.18.3**       Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limited but rather shall be deemed to be followed by the words "without limitation."

**16.19** Execution in Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**16.20** No Assignment.  Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party.  Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

**16.21** Retention of Jurisdiction.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

**16.22** Notices.  All notices to counsel provided for herein shall be sent by email with a hard copy sent by overnight mail to:

36

*As to Plaintiffs and the Settlement Class*:

*As to Harmless Harvest*:

LEE LITIGATION GROUP, PLLC

C.K. Lee

cklee@leelitigation.com

30 East 39th Street, Second Floor

New York, NY 10016

HOGAN LOVELLS US LLP

Robert B. Wolinsky

robert.wolinsky@hoganlovells.com

555 Thirteenth Street, NW

Washington, DC 20004-1109

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.  SIGNATURE PAGE FOLLOWS.]

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be duly executed by themselves or by their duly authorized representatives as follows:

LEE LITIGATION GROUP, PLLC, COUNSEL FOR THE PLAINTIFFS AND THE SETTLEMENT CLASS

By: _____          Dec 23, 2016
    C.K. Lee, Esq.                                  Date
    Class Counsel


HARMLESS HARVEST, INC.

By: _____          12/23/2016
    *Giannella Alvarez*                             Date
    35E54EFEE8AD4FF...

Its:       CEO _____

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUOLIANG MA, ELIZABETH PEGUERO, SHARON MANIER, and KIN FAI LAU, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARMLESS HARVEST, INC.,<br><br>Defendant. | Case No. [_____] |

[_____], District Judge:

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter having come before the Court on [date], pursuant to the Court's Preliminary Approval Order filed on [date], for a hearing on the application of the Plaintiffs for final approval of the settlement set forth in the Settlement Agreement and General Release dated [date], as filed with the Court on [date] (ECF No. [___]) (the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings conducted in this Action and otherwise being fully informed, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.     This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court has subject matter and personal jurisdiction over the Parties, including

1

all Settlement Class Members, based upon the Court's findings and conclusions herein that such

Settlement Class members have been afforded the due process protections of notice, an

opportunity to be heard, a right to exclude themselves from the Settlement Class, and adequate

representation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

      3.      Pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), and consistent with

the requirements of due process, the Court hereby finally approves the Settlement and finds that

the entire Settlement is, in all respects, fair, reasonable, and adequate. In reaching this

determination, the Court has, based upon the evidence presented and its independent inquiry,

analysis and due diligence, considered: the serious questions of fact and law raised by Plaintiffs'

claims and Harmless Harvest's potential defenses in the Action; the risk, expense, complexity,

and likely duration of further litigation; the risk of obtaining, and maintaining throughout trial

and potential appeal, class action status; the benefits of the settlement; the extent of discovery

completed and the stage of the proceedings; the experience and views of counsel that the

settlement is fair and reasonable; and the reaction(s) of the Settlement Class members to the

settlement (both as to the number of requests for exclusion from the Settlement Class and as to

the number and nature of the objections to the settlement).   The Court further finds that the

Settlement was entered into in good faith following arms-length negotiations and is not collusive.

The Parties are hereby directed to perform the terms of the Settlement Agreement.

      4.      Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, for purposes of

effectuating the Settlement, the Court hereby certifies the Settlement Class as follows:

      All persons in the United States who made retail purchases of the Products for personal

      use only during the period from September 30, 2011 to and including [the date on which

the Court enters the Preliminary Approval Order].  Excluded from the Settlement Class are (a) the officers, directors and employees of Harmless Harvest, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of Harmless Harvest or any business entity in which Harmless Harvest owns a controlling interest, together with those individuals' immediate family members; (c) Harmless Harvest's Counsel and their immediate family members; (d) Governmental entities; (e) Class Counsel; and (f) the Court, the Court's immediate family, and the Court's staff.

The Court finds the persons identified in Exhibit A attached hereto have timely and properly requested exclusion from the Settlement Class and are not bound by this Judgment ("Excluded Persons"). Such persons shall not be permitted to intervene as plaintiffs in the Action.  Any member of the Settlement Class whose name does not appear on Exhibit A failed to submit a timely and valid request for exclusion from the Settlement Class and is hereby (i) barred from asserting otherwise and (ii) bound to the terms of the Settlement Agreement, including the releases of claims, and by this Final Judgment.

5.      The requirements of Rule 23 have been satisfied for settlement purposes. With respect to the Settlement Class, Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs challenged Defendant's conduct of mislabeling their coconut water products as "100% Organic" and "Raw," which affects every member of the Settlement Class.  The labeling changes described in the Settlement Agreement will apply to all members of the class. Thus, class certification under Rule 23(b)(2) is appropriate for settlement

3

purposes.  In addition, the Court finds that the requirements of Rule 23(a) have been met for settlement purposes:

        a.        Members of the Settlement Class are so numerous that joinder of all members is impracticable;

        b.        Plaintiffs' claims and Harmless Harvest's defenses thereto present questions of law or fact common to the Settlement Class;

        c.        The claims against Harmless Harvest brought by Plaintiffs are typical of the claims of members of the Settlement Class against Harmless Harvest;

        d.        Class Counsel for the Settlement Class has fairly, adequately, and vigorously represented the interests of the Settlement Class as respects claims against Harmless Harvest; and

        e.        The named Plaintiffs in this Action have fairly, adequately, and vigorously represented the interests of the Settlement Class as respects claims against Harmless Harvest.

6.        The preliminary appointment of Guoliang Ma, Elizabeth Peguero, Sharon Manier, and Kin Fai Lau as representatives of the Settlement Class and C.K. Lee of Lee Litigation Group, PLLC as Class Counsel are hereby confirmed.  Class Counsel is experienced in class litigation and has fairly and adequately represented the interests of the Settlement Class.

7.        The Action is hereby dismissed with prejudice as to Plaintiffs and all Settlement Class Members, except for Excluded Persons identified in Exhibit A.  The Parties will bear their own fees and costs, except as expressly provided in the Settlement.

8.        As of the Effective Date, Plaintiffs and each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class shall be deemed to have, and

by operation of the Judgement shall have, fully, finally and forever released, relinquished and

discharged all Released Claims against the Released Persons. In connection with the Released

Claims, each Settlement Class member shall be deemed as of the Effective Date to have waived

any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code and

any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code §

1542, which reads as follows:

> **A general release does not extend to claims which the creditor does not know
> or suspect to exist in his or her favor at the time of executing the release,
> which if known by him or her must have materially affected his or her
> settlement with the debtor.**

9.      The Court finds that the Notice to Settlement Class was given in accordance with

the Court's Order of [date], was collectively the best notice practicable under the circumstances

of these proceedings of the matters set forth therein, and fully satisfies the requirements of Rule

23(c)(2)(B) of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

10.     Defendant properly and timely notified the appropriate governmental officials of

the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28

U.S.C. § 1715.  The Court has reviewed the substance of Defendant's CAFA notices and

accompanying materials, and finds that they complied with all applicable requirements.

11.     All Settlement Class Members, and all persons actually or purportedly acting on

behalf of any Settlement Class Member, are hereby permanently enjoined from asserting,

commencing, maintaining, prosecuting, or enforcing, directly or indirectly, in any judicial,

administrative, arbitral or other forum, any claim that will be released as part of the Settlement,

provided that this injunction shall not apply to Excluded Persons.

12.     Pursuant to the terms of the Settlement Agreement, Defendant has agreed to remove, and has already removed, the allegedly false or misleading statements of "100% Organic" and "Raw," of which Plaintiffs complained in their Complaint, from the Harmless Harvest coconut water Products.  Defendants shall engage an independent third-party consultant for a period of two (2) years from the Effective Date of the Settlement, who will review the Product labels for ongoing accuracy, and will provide reports as to the accuracy to Class Counsel.

13.     The Court hereby awards Class Counsel $575,000 for attorneys' fees and costs, and including $20,000 as an incentive award to be shared by the named Plaintiffs.  Defendant is hereby ordered to make all payments required by and in accordance with the Settlement Agreement.

14.     Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or any facts alleged in the Action, or of any wrongdoing or liability of Defendant, or of the propriety of maintaining the Action as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendant in any proceeding in any court, administrative agency or other tribunal, except that Defendant may file the Settlement Agreement or the Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles or res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any

6

other theory or claim preclusion or issue preclusion or similar defense or counterclaim.

15.     There were _____ [objections/opt-outs] filed to this settlement. Finding that the settlement is fair, reasonable, and adequate, the Court finds that the objections lack merit and are overruled.  Any member of the Settlement Class who failed to object or seek to intervene is conclusively deemed to have waived the right to object or intervene and is barred from raising any objection to the settlement or this Final Judgment in this or any other proceeding, including in an appeal.

16.     Neither the Settlement Agreement, the preliminary approval of the settlement and conditional certification for settlement purposes of the Settlement Class, nor this Final Judgment (nor any negotiations or documents associated with them) are to be deemed an admission of liability or fault by Harmless Harvest, or a finding of the validity of any facts, allegations or claims asserted in the Action, or of any wrongdoing or of any violation of law by Harmless Harvest, or that any person has suffered any damage attributable to Harmless Harvest, or an admission by Harmless Harvest as to the certifiability of a litigation class in the Action or in any other case.   Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

17.     If for any reason this Final Judgment does not become "final" as provided in the Settlement Agreement, and if Harmless Harvest and/or Plaintiffs exercise their options to rescind

7

the settlement, terminate the Settlement Agreement, and withdraw consent to the entry of this

Final Judgment, pursuant to Sections 9.1 and/or 11.2 of the Settlement Agreement, then: (i) any

preliminary or final certification of the Settlement Class shall be automatically vacated, *nunc pro*

*tunc;* (ii) all other provisions set forth in Sections 9.1 and/or 11.2 of the Settlement Agreement

shall apply; and (iii) any and all amounts paid by Harmless Harvest into the Escrow Account

(including interest earned thereon) shall be returned to Harmless Harvest as set forth in the

Settlement Agreement, except insofar as Harmless Harvest shall be obligated to pay the costs of

Notice administration incurred to date, as invoiced by the Notice Administrator.

18.     Without affecting the finality of this Judgment in any way, this Court hereby

retains continuing jurisdiction over: (a) implementation of the Settlement and any disputes

concerning payment or distribution of the proceeds from the Settlement; (b) enforcement of this

Order; (c) all Parties hereto solely for the purpose of construing, enforcing, and administering the

Settlement and this Order; (d)the Action until the Final Judgment contemplated hereby has

become effective and each and every act agreed to be performed by the parties has been

performed pursuant to the Agreement; and (e) all parties to the Action and Harmless Harvest, for

the purpose of enforcing and administering the Settlement Agreement and the releases and other

documents contemplated by, or executed in connection with, the Settlement Agreement.

19.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

Procedure, that this Final Judgment should be entered and further finds that there is no just

reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the

Settlement Agreement.  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

20.     Nothing in this Order shall be construed to expand the obligations of Harmless

Harvest under the Settlement Agreement or to impose on Harmless Harvest any obligations other than those contained in the Settlement Agreement.

It is so ORDERED this ___ day of _____, 2017.

_____
Honorable [_____]
United States District Judge

# EXHIBIT A

# [Request for Exclusion Received Timely as of [date]]

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUOLIANG MA, ELIZABETH PEGUERO, SHARON MANIER, and KIN FAI LAU, on behalf of themselves and others similarly situated,<br><br>                       Plaintiffs,<br><br>    v.<br><br>HARMLESS HARVEST, INC.,<br><br>                      Defendant. | Case No. [_____] |

**[PROPOSED] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPROVING CLASS SETTLEMENT, APPROVING CLASS NOTICE, AND SETTING DATE FOR FAIRNESS HEARING**

This matter having come before the Court on Plaintiffs' motion for preliminary approval of a proposed class action settlement in the above-captioned case (the "Litigation"), pursuant to the Settlement Agreement and General Release ("Settlement Agreement" or "Settlement") between Plaintiffs and Defendant Harmless Harvest ("Defendant"), the Court, having reviewed the papers and arguments of counsel, and due notice having been provided, hereby finds and orders as follows:

1.      The Settlement Agreement is incorporated by reference in this Order.  Unless defined herein, all defined terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2.      The Court has conducted a thorough review of the terms of the Settlement Agreement and other materials submitted by Plaintiffs.  Based on that review, the Court preliminarily finds (i) that the Settlement Agreement was negotiated at arm's-length by

1

experienced counsel following adequate investigation and discovery, and (ii) that the Settlement Agreement terms are fair, reasonable, and adequate and fall within the range of possible final approval.  Therefore, the Court grants preliminary approval of the Settlement.

3.        Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of all persons in the United States who made retail purchases of the Products for personal use only during the period from September 30, 2011 to and including the date on which the Court enters the Preliminary Approval Order.   Excluded from the Settlement Class are (a) the officers, directors and employees of Harmless Harvest, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of Harmless Harvest or any business entity in which Harmless Harvest owns a controlling interest, together with those individuals' immediate family members; (c) Harmless Harvest's Counsel and their immediate family members; (d) Governmental entities; (e) Class Counsel; and (f) the Court, the Court's immediate family, and the Court's staff.  The Court concludes that class certification for purposes of settlement is appropriate because:

> A.  The members of the Settlement Class are so numerous that joinder of all members is impracticable;
>
> B.  The Plaintiffs' claims against Defendant and the defenses thereto present questions of law or fact common to the Settlement Class members;
>
> C.  The claims against Defendant brought by Plaintiff in the Litigation are typical of the claims of members of the Settlement Class against the Defendant;
>
> D.  Plaintiffs and Class Counsel for the Settlement Class have fairly, adequately,

2

and vigorously represented the interests of the Settlement Class as respects claims against Defendant; and

E. Defendant has acted on grounds that apply generally to the class, so that injunctive relief is appropriate respecting the class as a whole.

4.      For settlement purposes only, the Court hereby preliminarily appoints Guoliang Ma, Elizabeth Peguero, Sharon Manier, and Kin Fai Lau as representatives of the Settlement Class and the following as Settlement Class Counsel:  C.K. Lee, Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, New York 10007.

5.      On _____, 2017, at ____ a.m./p.m., this Court will hold a final Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and proposed settlement, and to determine whether (a) to finally certify for settlement purposes the Settlement class; (b) the Notice Plan complied with the Federal Rules of Civil Procedure and due process; (c) final approval of the settlement should be granted; (d) Settlement Class Counsel's application for attorneys' fees and expenses should be granted, and in what amount; and (e) the request for an incentive award for the named Plaintiffs should be granted, and in what amount. No later than fourteen (14) days before the final Fairness Hearing, plaintiffs must file their papers in support of final settlement approval and in response to any objections, as well as their application for attorneys' fees, costs and an incentive award for Plaintiffs. Defendant may (but is not required to) file papers in support of final settlement approval, so long as it does so no later than fourteen (14) days before the Fairness Hearing.  The Court reserves the right to approve the Settlement Agreement at or after the final Fairness Hearing and to do so with such modifications as may be consented to by the parties and without further notice to the members of the

3

Settlement Class.  The final Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Settlement Class, other than that which may be posted on the Court's website.

6.      Based on the documents submitted and information provided to the Court in connection with preliminary approval, the Court (i) approves EPIQ Systems as the Settlement Administrator, and (ii) approves the form and content of and proposed plan for giving notice to the Settlement Class.  The plan for giving notice, in form, method, and content, fully complies with the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, is reasonably certain to inform absent members of the Settlement Class, and is due and sufficient notice to all persons entitled thereto.  The Court hereby directs the Parties and Settlement Administrator to complete the Notice Plan within [45] days after the issuance of this Order, in the manner set forth in the Settlement Agreement Section 7.  The costs associated with providing class notice shall be borne as set forth in the Settlement Agreement.

7.      The Court further approves the procedures for prospective members of the Settlement Class to exclude themselves from or object to the Settlement Agreement, as set forth in the Settlement Agreement, the Publication Notice, and the Website Notice.

8.      All persons who wish to exclude themselves from the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Publication Notice and the Website Notice no later than [Exclusion Date, 60 days after the Notice Deadline].  Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name,

4

telephone number, and address of the person in the Settlement Class requesting exclusion; and (c) include a clear and unambiguous statement that such person wishes to be excluded from the settlement, such as "I request to be excluded from the settlement in the Ma action." No request for exclusion will be valid unless all such information is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.   Exclusion requests must be mailed to the Settlement Administrator at the address provided in the Notice and postmarked no later than [Exclusion Date, 60 days after the Notice Deadline]. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the person(s) serving such request shall be deemed member(s) of the Settlement Class, and shall be bound as class member(s) by the Settlement.

9.      Any member of the Settlement Class who does not exclude themselves may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for the Attorneys' Fee Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the Settlement Agreement, no later than [Exclusion Date, 60 days after the Notice Deadline].  Any Settlement Class Member who does not provide a proper written objection shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Attorneys' Fee Award.  Any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.  To be valid, a Settlement

Class Member's written objection must (i) provide the name, address, telephone number, and signature of the class member filing the objection; (ii) attach documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (iii) be filed with the Court no later than [Exclusion Date, 60 days after the Notice Deadline]; (iv) contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney; (v) include a statement of such Settlement Class Member's specific objections; and (vi) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider.  Plaintiffs, Harmless Harvest, or both, may take discovery regarding the basis for any objection or the facts relating to such objection, subject to Court approval. Any Settlement Class members who object to the Settlement shall make themselves available to be deposed by Class Counsel and Counsel for Harmless Harvest in the county of the objector's residence within ten (10) days of service of his or her timely filed objection.

10.     Any person that submits a timely and valid request for exclusion shall be excluded from the Settlement Class, shall have no rights with respect to the Settlement, and shall not be permitted to intervene as a party plaintiff in the Litigation.  Any Settlement Class member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding related to the settlement of the Litigation.  To appeal from any provision of an order approving the settlement as fair, reasonable, and adequate; any incentive awards to the named Plaintiffs; or any award of attorneys' fees or expenses to Settlement Class Counsel, the Settlement Class member must appear in person at the final Fairness Hearing, or through his or

6

her counsel, or seek leave of Court excusing such appearance prior to the final Fairness Hearing, or as otherwise may be permitted by the Court at the final Fairness Hearing.

11. In further aid of the Court's jurisdiction to review, consider, implement and enforce a Settlement, the Court hereby stays all proceedings in the Litigation as between Plaintiffs and Defendant until further order of the Court, except such proceedings as may be necessary either to implement the Settlement Agreement or to comply with Federal Rule of Civil Procedure 23. Plaintiffs and members of the Settlement Class are preliminary enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

12. The Settlement Agreement, or any documents, proceedings, orders or other matters related in any way thereto, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Harmless Harvest or any other Released Party; or (iii) the propriety of certification of a class in the Litigation. Harmless

7

Harvest has denied and continues vigorously to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent Plaintiffs or Harmless Harvest from offering the Settlement Agreement into evidence for the purposes of its enforcement.

13.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated or modified in any material respect by this or any other court, the preliminary or final certifications of the Settlement Class shall be deemed vacated, *nunc pro tunc*; the Litigation shall proceed as if the Settlement Class had never been certified; any and all amounts paid by Defendant into the Escrow Account shall be returned to Defendant in accordance with the Settlement Agreement Section 10.   Defendant shall have no further payment obligations under the Settlement Agreement, except insofar as it shall be obligated to pay the costs of Notice administration incurred to date, as invoiced by the Notice Administrator.  It shall be the obligation of Defendant to inform the Notice Administrator of the termination of the Settlement Agreement.   No reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

14.     Pursuant to the Settlement Agreement, Defendant shall deliver into the Escrow Account the installment payments in the manner and timing set forth in the Settlement Agreement Section 10.

15.     If any deadline in this Order falls on a non-business day, then the deadline is extended until the next business day.

It is so ORDERED this ___ day of _____, 2016.

_____

Honorable [_____]
United States District Judge

# EXHIBIT C

**If You Purchased Harmless Harvest Coconut Water between September 30, 2011 and [Preliminary Approval Date], Please Read This Notice**

### Why was this notice published?

A Settlement has been reached with Harmless Harvest, Inc. ("Harmless Harvest") in a class action lawsuit regarding its coconut water products.

### What is the lawsuit about?

The class action is entitled "*Ma, et al. v. Harmless Harvest, Inc.*" No. [_____], is currently pending in the United States District Court for the Eastern District of New York. Plaintiffs claim that advertisements and packaging for Harmless Harvest's coconut water products were false or misleading under state and federal laws, and that they and other purchasers paid more for Harmless Harvest's coconut water products than they would have absent such advertisements and packaging. Harmless Harvest vigorously denies Plaintiffs' claims.

### Who's included in the Settlement?

Generally, the Settlement includes anyone who made retail purchases of Harmless Harvest coconut water products in the United States between September 30, 2011 and [**Preliminary Approval Date**].

### What does the Settlement provide?

If it is finally approved by the Court, the Settlement will provide for:

***Changes to Packaging***: Harmless Harvest has removed all "100% Organic" and "Raw" labels from the packaging of products shipped into the United States and has agreed that such labeling changes shall remain in effect.

***Attorneys' Fees and Costs:*** Harmless Harvest will pay up to $575,000 in attorneys' fees, expenses, and costs.

***Incentive Awards:*** Harmless Harvest will pay up to $20,000 total in incentive awards to the named Plaintiffs for their service to the Class as part of the $575,000 award of attorneys' fees, expenses, and costs.

***Other Costs***: Harmless Harvest will pay up to $350,000 in notice and administration costs to a third-party administrator that will assist with the processing of claims and other settlement-related tasks.

***Consultant Fees***: Harmless Harvest will bear the cost of consulting fees of a third-party consultant engaged to review the company's product labels for ongoing accuracy for a period of 2 years following Court approval of the Settlement.

### Will I receive any payment from the Settlement?

No. There is no cash relief to purchasers. The Settlement provides for injunctive relief only to the Class, consisting of label changes and ongoing third-party monitoring regarding the accuracy of Harmless Harvest's product labeling.

### What are my rights?

If you wish to remain a member of the Class, you do not need to take any action at this time. If you stay in the Class, all of the decisions by the Court and the Settlement will bind you, and you will be unable to sue Harmless Harvest regarding the alleged misconduct or legal issues in this case, or be part of any other lawsuit against Harmless Harvest regarding such issues. Please carefully review the specific provisions of

the Settlement, including the release of claims contained therein, at [**Admin. Website**].

If you do not want to be legally bound by the Settlement, including if you want to keep your right to sue Harmless Harvest yourself with respect to the alleged misconduct in the case or other legal claims that were or could have been asserted in the case, you must exclude yourself from the Class in writing by [**Exclusion Date, 60 days after Notice Deadline**]. If you exclude yourself from the Class, you may not intervene as a party plaintiff in the case. If you would like to exclude yourself from the Class, your written exclusion request must: (a) be signed by you, (b) include your full name, telephone number, and address, and (c) provide a clear and unambiguous statement that you wish to be excluded from the Class, such as "I request to be excluded from the settlement in the *Ma* action." All exclusion requests must be sent to [**Admin. Settlement Mailing Address**] and must be postmarked no later than [**Exclusion Date, 60 days after Notice Deadline**]. The Court will exclude from the Class any member who validly requests exclusion.

If you stay in the Class and wish to object to any aspect of the Settlement, you must do so in writing by [**Exclusion Date, 60 days after Notice Deadline**]. For instructions on how to exclude yourself from the Class or object to the Settlement, please see [**Admin. Website**].

The United States District Court for the Eastern District of New York will hold a Fairness Hearing on [**Final Approval Hearing Date**] to consider whether to approve the Settlement as fair, reasonable, and adequate. If there are objections, the Court will consider them at that time. You or your own lawyer may appear at the hearing at your own expense, but you do not need to do so. If you wish to appear, you must first provide written notice of your intention to do so. We do not know how long the Court's decision will take. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website, at [**Admin. Website**], for information. Please do not contact the Court about this case.

The Court has appointed the law firm of Lee Litigation Group, PLLC to represent the Class in this case.

This is a summary notice. For more details, please call toll free [**Admin. Telephone Number**], visit [**Admin. Website**], or write to [**Admin. Settlement Mailing Address**].

---

**For more information, please visit:**
**[Admin. Website] or [Admin. Telephone Number]**

# EXHIBIT D

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK**
*GUOLIANG MA, ET AL., v. HARMLESS HARVEST, INC.*, No. [_____]

**IF YOU PURCHASED HARMLESS HARVEST COCONUT WATER BETWEEN SEPTEMBER 30, 2011 AND [PRELIMINARY APPROVAL DATE], PLEASE READ THIS NOTICE**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A class action lawsuit brought on behalf of purchasers of coconut water products sold by Harmless Harvest, Inc. ("Harmless Harvest") during the period from September 30, 2011 to [**Preliminary Approval Date**] currently is pending in the United States District Court for the Eastern District of New York.
- The lawsuit alleges that Harmless Harvest used advertisements and product packaging for its coconut water products that were false or misleading under state laws.  Plaintiffs claim that they and other purchasers paid more for Harmless Harvest's coconut water products than they would have absent such advertisements and packaging.  Harmless Harvest vigorously denies Plaintiffs' claims.
- A settlement of the class action lawsuit has been reached between Harmless Harvest and Plaintiffs, on behalf of themselves and the settlement class.  This notice includes information on the settlement and the lawsuit.  Your legal rights are affected whether or not you act.  Please read the entire notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain part of the settlement and give up your right to sue Harmless Harvest yourself regarding the alleged misconduct in the case or other legal claims that were or could have been asserted in the case.  See Question 14 below. |
| **EXCLUDE YOURSELF** | This is the only option that allows you to pursue claims against Harmless Harvest in connection with the products at issue by filing your own lawsuit, at your own expense.  You may not participate in the case as a class member, including by filing written objections with the Court, if you exclude yourself from the class.  See Questions 9-10 below. |
| **OBJECT** | Write to the Court about why you object to the settlement.  If you exclude yourself from the settlement, you may not object.  If you object in writing, you may also ask to speak in Court about the fairness of the settlement.  You may only appear in Court to speak about the fairness of the settlement if you file a timely written objection to the settlement, and if you do not exclude yourself from the settlement.   See Questions 12 and 17 below. |

1

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement.

## BASIC INFORMATION

| **1. Why should I read this notice?** |
| --- |

This notice is to inform you that on [**Preliminary Approval Date**], the Court preliminarily approved a settlement of the class action lawsuit known as *Guoliang Ma, et al., v. Harmless Harvest, Inc.*, No. [_____], filed in the United States District Court for the Eastern District of New York.  The people that filed the lawsuit are called "Plaintiffs."  Harmless Harvest is the "Defendant."

This notice describes the settlement reached between Harmless Harvest and Plaintiffs, on behalf of themselves and a class of purchasers of coconut water products sold by Harmless Harvest during the period from September 30, 2011 to [**Preliminary Approval Date**].  If you purchased coconut water products from Harmless Harvest during that period, you have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the settlement.

Please read this notice carefully to determine whether you wish to participate in or exclude yourself from the settlement class.  Your rights and options – and the deadlines to exercise them – are explained in this notice.  Your legal rights are affected whether or not you act.

Capitalized terms in this Notice are defined in the Settlement Agreement that is available as described in response to Question 14 below.  Important information about the case will be posted on the website, [**Admin. Website**], as it becomes available.  Please check the website to be kept informed about any future developments.

| **2. What is this lawsuit about?** |
| --- |

Since approximately September 30, 2011, Harmless Harvest has sold Harmless Harvest branded coconut water products, including Harmless Harvest 100% Raw Coconut Water, 8 fl. oz. and 16 fl. oz; Harmless Coconut Water, 8 fl. oz. and 16 fl. oz; Harmless Harvest 100% Raw Coconut Water – Dark Cacao flavor, 8 fl. oz. and 16 fl. oz.; Harmless Harvest 100% Raw Coconut Water – Cinnamon & Clove flavor, 8 fl. oz. and 16 fl. oz.; and Harmless Harvest 100% Raw Coconut Water – Fair Trade Coffee flavor, 8 fl. oz. and 16 fl. Oz.   These products are called the "Products" in this notice.

This lawsuit claims that certain representations made in the advertising for and packaging of the Products regarding the fact that they are "100% Organic" or "Raw" were not accurate and were false or misleading.  Plaintiffs claim that they and other purchasers paid more for Harmless Harvest's coconut water products than they would have absent such advertisements and packaging.  Defendant does not agree and vigorously denies any wrongdoing.

**3. Why is there a settlement?**

The Court did not decide in favor of either side in the case. Harmless Harvest vigorously denies all allegations of wrongdoing or liability, contends that its conduct was lawful, and is agreeing to settle to avoid the expense, inconvenience, and inherent risk of litigation. Plaintiffs and their attorneys agree that the settlement is in the best interests of the Settlement Class, because it provides substantial injunctive relief and meaningful label changes now while avoiding the expense, risk, and delay or pursuing the case through trial and any appeals.

## WHO IS PART OF THE SETTLEMENT?

**4. How do I know if I am part of the settlement?**

A class action lawsuit is one in which one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are members of the class, except for those who exclude themselves from the class. Subject to narrow exclusions, the class covered by the Settlement Agreement in this case is defined as follows:

All persons in the United States who made retail purchases of the Products for personal use only during the period from September 30, 2011 to and including [**Preliminary Approval Date**].

**5. I'm still not sure if I am included.**

If you are still not sure whether you are included, you may call [**Admin. Telephone Number**] with questions. You may also write with questions to the following:

Harmless Harvest Settlement
[**Admin. Settlement Mailing Address**]

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**7. What does the settlement provide?**

If it is finally approved by the Court, the Settlement Agreement will provide for the following forms of injunctive relief:

- Without admitting liability and solely to avoid the cost and disruption of further litigation, Harmless Harvest removed all "100% Organic" or "Raw" labels from the packaging of products shipped into the United States and agrees that such labeling changes will remain in effect after the Effective Date of the Settlement. The labeling changes are not an admission by Harmless Harvest regarding Plaintiffs' claims.
- In addition, an independent third-party consultant shall be engaged (for a period of 2 years from the Effective Date) to review Harmless Harvest coconut water product labels

for ongoing accuracy and provide reports as to the accuracy of the labels, including copies of such labels, to Class Counsel.  The cost of the consulting fees for the consultant will be borne by Harmless Harvest.

The Settlement Agreement further provides for Harmless Harvest to pay the following amounts: up to $575,000 in attorneys' fees, expenses, and costs to Class Counsel, including up to $20,000 total in incentive awards to the named Plaintiffs for their service to the Settlement Class; and up to $350,000 in notice and administration costs to a third-party administrator that will assist with the processing of claims and other settlement-related tasks.  The Court in charge of the case will decide whether to approve these costs as part of the settlement.

| **8.  Will I receive any payment from the settlement?** |
| --- |

No.  The Settlement Agreement provides for injunctive relief only to the Settlement Class, consisting of label changes and ongoing third-party monitoring for the accuracy of Harmless Harvest's coconut water product labels, plus payment of attorneys' fees, expenses, and costs to Class Counsel, including incentive awards to the two named Plaintiffs, and administration fees.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Harmless Harvest on your own regarding the legal issues in this case from the period of September 30, 2011 to [**Preliminary Approval Date**], then you must take steps to get out of the Settlement Class.  This is called excluding yourself (sometimes also referred to as "opting out" of the Settlement Class).  If you exclude yourself from the Settlement Class, you may not intervene as a party plaintiff in the case.

| **9.  How do I opt out of the settlement?** |
| --- |

To exclude yourself from the settlement, your exclusion request must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name, telephone number, and address of the person in the Settlement Class requesting exclusion; and (c) provide a clear and unambiguous statement that such person wishes to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Ma* action."  The Court will exclude from the Settlement Class any member who validly requests exclusion.

No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

Exclusion requests must be mailed to the Settlement Administrator at [**Admin. Settlement Mailing Address**] and postmarked by [**ExclusionDate, 60 days after the Notice Deadline**].

A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in this Notice, or that is not postmarked within the time

specified shall be invalid.  The person(s) serving such a request shall be deemed member(s) of the Settlement Class and shall be bound as class member(s) by the Settlement.

Remember, if you exclude yourself from the lawsuit, you may not object to it.

| **10.  If I don't exclude myself, can I sue Harmless Harvest for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up any rights to sue Harmless Harvest regarding the same alleged misconduct in this case or other legal claims that were or could have been asserted in the case.  If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.  Remember, the exclusion deadline is [**Exclusion Date, 60 days after the Notice Deadline**].

# THE LAWYERS REPRESENTING YOU

| **11.  Who represents the Settlement Class?** |
| --- |

**Class Representatives.**  For purposes of the settlement, the Court has appointed Guoliang Ma, Elizabeth Peguero, Sharon Manier, and Kin Fai Lau to serve as Class Representatives.

**Class Counsel.** The Court has appointed C.K. Lee, Esq. of Lee Litigation Group, PLLC, as legal counsel for the Settlement Class.  From the commencement of the lawsuit to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for out-of-pocket expenses.  When they ask the Court to approve the settlement, they will also make a motion to the Court for an award of attorneys' fees and reimbursement of expenses, in a total amount not to exceed $575,000.  The amount of attorneys' fees and costs awarded by the Court will be paid by Harmless Harvest.  The Settlement Class Members do not have to pay anything toward the fees or expenses of Class Counsel.  Class Counsel will seek final approval of the settlement on behalf of all Settlement Class Members.  You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

Class Counsel will also ask the Court to approve the payment of up to $20,000 in total to the two Class Representatives, in recognition of the risks they undertook in initiating litigation and their service to the Settlement Class.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| **12.  How do I tell the Court that I don't like the settlement?** |
| --- |

You can ask the Court to deny approval to the settlement by filing an objection.  You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, the Settlement Agreement will not become effective, and the lawsuit

against Harmless Harvest will continue.  If that is what you want to happen, you must object.  If you object, Class Counsel will not be able to represent you concerning your objection.  It will be your responsibility to assert your objection individually or through counsel that you hire at your own cost.

You may object to the settlement in writing by [**Exclusion Date, 60 days after the Notice Deadline**], which is the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement Agreement or the Fee Award.  You also may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for the Fee Award, but only if you first made an objection in writing and filed it with the Court by [**Exclusion Date, 60 days after the Notice Deadline**].  If you appear through your own attorney, you are responsible for paying that attorney.

To be effective, a written notice of intent to object to the proposed settlement must:

- Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;
- Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member;
- Be filed with the Court no later than [**Exclusion Date, 60 days after the Notice Deadline**];
- Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney.  If the class member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of New York;
- Include a statement of such Settlement Class Member's specific objections; and
- State the grounds for objection, as well as identify any documents which such objector desires the Court to consider.

Plaintiffs, Harmless Harvest, or both may take discovery regarding the basis for any objection or the facts relating to such objection, subject to Court approval.  Any Settlement Class Members who object to the Settlement shall make themselves available to be deposed by Class Counsel and Counsel for Harmless Harvest in the county of the objector's residence within ten (10) days of service of his or her timely filed objection.

## 13.  What's the difference between objecting and excluding?

You cannot both object to and exclude yourself from the settlement.  Objecting means you are telling the Court that you want to be part of the Settlement Class but disagree with something about the settlement terms.  You can only object if you intend to stay in the Settlement Class and be bound by the terms of the Settlement Agreement, if approved by the Court.  Excluding

yourself, on the other hand, is telling the Court you do not want to be part of the Settlement Class or the Settlement Agreement.  If you exclude yourself, you have no basis to object, because the settlements no longer affect you.  Thus, you cannot both exclude yourself and object.

| **14.  What am I giving up to stay in the Settlement Class?** |
| --- |

Unless you exclude yourself from the Settlement Class, you will give up your right to sue Harmless Harvest, or be part of any other lawsuit against Harmless Harvest, regarding the claims being resolved by this settlement after it receives Final Approval from the Court.  The Court's decisions in the case also will bind you.  The specific claims you are giving up against Harmless Harvest are described in Paragraph 8 of the Settlement Agreement.  You will be "releasing" Harmless Harvest and all related people and entities, as described in Paragraph 8.1 of the Settlement Agreement.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions, you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

You can get a copy of the Settlement Agreement from the Clerk of the Court, online at [**Admin. Website**], or by writing to the Settlement Administrator at Harmless Harvest Settlement, [**Admin. Settlement Mailing Address**].

# THE FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

| **15.  When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court will hold a Fairness Hearing on [**Date**] at [**Time**] a.m./p.m., at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722 in Courtroom [____].  This hearing can be moved to a different date or time without additional notice, so check [**Admin. Website**] or the Court docket for current information.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.  You do not need to attend this hearing.  You also do not need to attend to have an objection considered by the Court; as described above, you may file your objection in writing.

| **16.  Do I have to come to the hearing?** |
| --- |

No.  Class Counsel will answer questions the Court may have.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## 17.  May I speak at the hearing?

Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for the Fee Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth in response to Question 12 above.  Any Settlement Class Member who does not provide a written objection in the manner described in such section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement Agreement or the Fee Award.  Any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

# GETTING MORE INFORMATION

## 18.  Where do I get additional information?

This notice summarizes the proposed settlement.  For more detailed information, you may want to review the Settlement Agreement.  You can view the Settlement Agreement and get more information at [**Admin. Website**].  You can also get more information by calling toll-free [**Admin. Telephone Number**].  The Settlement Agreement and all other pleadings and papers filed in the Action are available for inspection and copying during regular business hours at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.

## 19.  How do I get more information?

If you have other questions about the settlement, you can contact the Settlement Administrator toll free at [**Admin. Telephone Number**], or Class Counsel at the following address and telephone number:

> C.K. Lee
> Lee Litigation Group, PLLC
> 30 East 39th Street, Second Floor
> New York, NY 10016
> Telephone:  (212) 465-1180

DATED:          [_____]                              BY ORDER OF THE COURT

**PLEASE DO NOT CONTACT THE COURT OR HARMLESS HARVEST WITH
QUESTIONS ABOUT THE SETTLEMENT**