FILED
CLERK

5/12/2017 4:21 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

For Online Publication Only

GUOLIANG MA, ELIZABETH PEGUERO,
SHARON MANIER, and KIN FAI LAU, on behalf
of themselves and others similarly situation,

                Plaintiffs,

                v.

HARMLESS HARVEST, INC.,

                Defendant.

----------------------------------------------------------------------X

**ORDER**
16–cv–7102 (JMA) (SIL)

**ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPROVING
CLASS SETTLEMENT, APPROVING CLASS NOTICE, AND SETTING DATE FOR
FAIRNESS HEARING**

**AZRACK, United States District Judge:**

      Before the Court is plaintiffs' motion for preliminary approval of a proposed class action settlement in the above-captioned case (the "Litigation"), pursuant to the Settlement Agreement and General Release ("Settlement Agreement" or "Settlement") between plaintiffs and defendant Harmless Harvest, Inc. (Defendant"). Having reviewed the Settlement Agreement and accompanying papers, the Court hereby finds and orders as follows:

    **1.** The Settlement Agreement is incorporated by reference in this Order. Unless defined herein, all defined terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

    **2.** Based on the Court's review of the terms of the Settlement Agreement and other materials submitted by plaintiffs, the Court preliminarily finds (i) that the Settlement Agreement was negotiated at arm's length by experienced counsel following adequate investigation and discovery,

1

and (ii) that the Settlement Agreement terms are fair, reasonable, and adequate and fall within the range of possible final approval. Therefore, the Court grants preliminary approval of the Settlement.

3.  Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of all persons in the United States who made retail purchases of the Products for personal use only during the period from September 30, 2011, to and including May 12, 2017.  Excluded from the Settlement Class are (a) the officers, directors, and employees of Harmless Harvest, members of the immediate families of the foregoing, and their legal representatives, heirs, successors, and assigns; (b) the officers, directors and employees of any parent, subsidiary, or affiliate of Harmless Harvest or any business entity in which Harmless Harvest owns a controlling interest, together with those individuals' immediate family members; (c) Harmless Harvest's Counsel and their immediate family members; (d) Governmental entities; (e) Class Counsel; and (f) the Court, the Court's immediate family, and the Court's staff.  The Court concludes that class certification for purposes of settlement is appropriate because:

   a. The members of the Settlement Class are so numerous that joinder of all members is impracticable;

   b. Plaintiffs' claims against Defendant and the defenses thereto present questions of law or fact common to the Settlement Class members;

   c. Plaintiffs' claims against Defendant are typical of the claims of members of the Settlement Class against the Defendant;

   d. Plaintiffs and Class Counsel for the Settlement Class have fairly, adequately, and vigorously represented the interests of the Settlement Class with respect to claims

>    against Defendant; and
>
>    e. Defendant has acted on grounds that apply generally to the class, so that injunctive relief is appropriate respecting the class as a whole.

**4.** For settlement purposes only, the Court hereby preliminarily appoints Guoliang Ma, Elizabeth Peguero, Sharon Manier, and Kin Fai Lau as representatives of the Settlement Class and the following as Settlement Class Counsel: C.K. Lee, Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, New York 10007.

**5.** On November 3, 2017, at 1:00 p.m., in Courtroom 6E in the Brooklyn Courthouse at 225 Cadman Plaza East, Brooklyn, New York, 11201, this Court will hold a final Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and proposed settlement, and to determine whether (a) to finally certify for settlement purposes the Settlement class; (b) the Notice Plan complied with the Federal Rules of Civil Procedure and due process; (c) final approval of the settlement should be granted; (d) Settlement Class Counsel's application for attorneys' fees and expenses should be granted, and in what amount; and (e) the request for an incentive award for the named Plaintiffs should be granted, and in what amount.

**6.** No later than October 20, 2017, plaintiffs must file their papers in support of final settlement approval and in response to any objections. Defendant may (but is not required to) file papers in support of final settlement approval, so long as it does so no later than October 20, 2017. The Court reserves the right to approve the Settlement Agreement at or after the final Fairness Hearing and to do so with such modifications as may be consented to by the parties and without further notice to the members of the Settlement Class. The final Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Settlement Class, other than that which may be posted on the Court's website.

**7.** By June 9, 2017, plaintiffs shall file their motion for attorneys' fees and their motion for incentive awards for the named plaintiffs. If any supplemental filing regarding attorneys' fees or the incentive awards is necessary to respond to any objections, plaintiffs may submit such filing to the Court prior to the final fairness hearing.

**8.** Based on the documents submitted and information provided to the Court in connection with preliminary approval, the Court (i) approves EPIQ Systems as the Settlement Administrator, and (ii) approves the form and content of and proposed plan for giving notice to the Settlement Class. The Notice Plan appears to comply with the requirements of Federal Rule of Civil Procedure 23 and due process.

**9.** The Court hereby directs the parties and Settlement Administrator to initiate the Notice Plan <u>after plaintiffs file their motion for attorneys' fees and their motion for incentive awards</u>. The parties and Settlement Administrator shall complete the Notice Plan by no later than July 28, 2017, in the manner set forth in the Settlement Agreement Section 7. The costs associated with providing class notice shall be borne as set forth in the Settlement Agreement.

**10.** The Court further approves the procedures for prospective members of the Settlement Class to exclude themselves from or object to the Settlement Agreement, as set forth in the Settlement Agreement, the Publication Notice, and the Website Notice.

**11.** All persons who wish to exclude themselves from the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Publication Notice and the Website Notice no later than September 29, 2017. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name, telephone number, and address of the person in the Settlement Class requesting exclusion; and (c) include a clear and unambiguous statement that

such person wishes to be excluded from the settlement, such as "I request to be excluded from the settlement in the Ma action." No request for exclusion will be valid unless all such information is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class. Exclusion requests must be mailed to the Settlement Administrator at the address provided in the Notice and postmarked no later than September 29, 2017. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and shall not be sufficient to exclude a person serving such a request from the Settlement Class.

**12.** Any member of the Settlement Class who does not exclude themselves may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for the Attorneys' Fee Award, including any application for an incentive award to the named Plaintiffs, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the Settlement Agreement, no later than September 29, 2017. Any Settlement Class Member who does not provide a proper written objection shall be deemed to have waived any objection and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Attorneys' Fee Award. Any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court. To be valid, a Settlement Class Member's written objection must (i) provide the name, address, telephone number, and signature of the class member filing the objection; (ii) attach documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (iii) be

5

filed with the Court no later than September 29, 2017; (iv) contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney; (v) include a statement of such Settlement Class Member's specific objections; and (vi) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider.  Plaintiffs, Harmless Harvest, or both, may take discovery regarding the basis for any objection or the facts relating to such objection, subject to Court approval.  Any Settlement Class members who object to the Settlement shall, subject to Court approval, make themselves available to be deposed by Class Counsel and Counsel for Harmless Harvest in the county of the objector's residence within ten (10) days of service of his or her timely filed objection.

**13.** Any person that submits a timely and valid request for exclusion shall be excluded from the Settlement Class, shall have no rights with respect to the Settlement, and shall not be permitted to intervene as a party plaintiff in the Litigation.  Any Settlement Class member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding related to the settlement of the Litigation.

**14.** The Court hereby stays all proceedings in the Litigation as between Plaintiffs and Defendant until further order of the Court, except such proceedings as may be necessary either to implement the Settlement Agreement or to comply with Federal Rule of Civil Procedure 23. Plaintiffs and members of the Settlement Class are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or

action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

**15.** The Settlement Agreement, or any documents, proceedings, orders or other matters related in any way thereto, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Harmless Harvest or any other Released Party; or (iii) the propriety of certification of a class in the Litigation.  Harmless Harvest has denied and continues vigorously to deny the claims asserted by Plaintiffs.  Nothing contained herein shall be construed to prevent Plaintiffs or Harmless Harvest from offering the Settlement Agreement into evidence for the purposes of its enforcement.

**16.** In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated or modified in any material respect by this or any other court, the preliminary or final certifications of the Settlement Class shall be deemed vacated, nunc pro tunc; the Litigation shall proceed as if the Settlement Class had never been certified; any and all amounts paid by Defendant into the Escrow Account shall be returned to Defendant in accordance with the Settlement Agreement Section 10. Defendant shall have no further payment obligations under the Settlement Agreement, except insofar as it shall be obligated to pay the costs of Notice administration incurred to date, as invoiced by the Notice Administrator.  It shall be the obligation of Defendant to inform the Notice

7

Administrator of the termination of the Settlement Agreement. No reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**17.** Pursuant to the Settlement Agreement, Defendant shall deliver into the Escrow Account the installment payments in the manner and timing set forth in the Settlement Agreement Section 10.

**18.** Within 10 days of this order, Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

**SO ORDERED.**

Dated: May 12, 2017
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE